UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DUANE HAWKINS                                                                                                    PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:08-CV-547-S

AMERICAN COMMERCIAL INC. et al.                                    DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff, Duane Hawkins, filed a *pro se*, *in forma pauperis* complaint alleging employment discrimination, as well as claims arising under state law (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff sues American Commercial, Inc. (ACI), Eric Miller, Robert Iliff, Sherman Hart, and Lamont Taylor. He asserts claims under the Age Discrimination Act of 1967 (ADEA), as amended, for wrongful retaliatory discharge, and various state law claims. He alleges that he was discriminated against because of his age and in retaliation for calling the police about another employee while employed at ACI. He has attached a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) regarding his age-discrimination claim. He requests compensation and punitive damages.

Plaintiff previously brought suit in this Court concerning the same facts as set forth here. *Hawkins v. Miller*, Civ. Action No. 3:07-CV-383-H. On initial screening, that case was dismissed. The Court found that the age-discrimination challenge brought by Plaintiff had not been raised before the EEOC. That claim was dismissed without prejudice for failure to exhaust.

Plaintiff's retaliation claim was dismissed for failure to state a claim because Plaintiff had not shown that he engaged in protected conduct because his report to the police did not concern any discriminatory treatment. Because the federal claims were dismissed, the Court declined to exercise supplemental jurisdiction over those claims, and they were dismissed without prejudice.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

Because Plaintiff previously has brought suit based on the same facts, the Court's must ascertain whether the claims raised in the instant action is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. General Tel. Co.*, 25 F. App'x. 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

*A.     Age-discrimination claim*

The prior dismissal of Plaintiff's age-discrimination claim was without prejudice for failure to exhaust. Because there was no final decision on the merits on this claim in the first action, this claim is not barred by *res judicata*. Moreover, it appears from the attachments to the complaint that Plaintiff has now exhausted that claim with the EEOC and has filed this action within 90 days of receiving his right-to-sue letter. The Court will allow this claim to go forward against Defendants ACI, Miller, Iliff, and Hart.[1]

---

[1] A separate section in the complaint is entitled "UNEQUAL TREATMENT." Plaintiff alleges that he should not have been sent home or discharged because no evidence was submitted by Defendants that Plaintiff had argued with or threatened Defendant Taylor. He alleges that "pretext" is established because lesser discipline was imposed on other African-American employees accused of similar offenses. This allegation seems to be part of his claim regarding

Plaintiff states in the complaint that Taylor is being sued in his individual capacity. Individual employees may not be held personally liable under the ADEA. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Ford v. Tenn. Human Rights Comm'n*, No. 99-5415, 2000 WL 125903, at *1 (6th Cir. Jan. 28, 2000). Thus, to the extent that Plaintiff is attempting to assert an age-discrimination claim against Defendant Taylor, that claim must fail.

B.     *Retaliatory-discharge claim*

Plaintiff alleges that he was discharged after he called the police after being threatened by fellow employee Defendant Taylor. Each of the four elements of *res judicata* is present here in Plaintiff's present claim for retaliatory discharge against Defendants ACI, Miller, Iliff, and Hart.

This is the same retaliation claim that was dismissed for failure to state a claim in the prior suit. Such a dismissal is considered on the merits. *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x. 461, 463 (6th Cir. 2004) (holding district court prior dismissal of complaint pursuant to the provisions of § 1915(e) constituted an adjudication on the merits for purposes of res judicata). Thus, the first element of *res judicata* – that there is a final decision on the merits – is satisfied.

Plaintiff previously sued Defendants Miller, Iliff, and Hart, who are again sued in this action. Plaintiff does now sue ACI for the first time for retaliatory discharge.[2] However, privity exists between the employer, ACI, and the employee-defendants in the prior suit such that the

---

age-discrimination, which, as discussed above, the Court will allow to go forward.

[2] Plaintiff does not allege that Defendant Taylor was in any way responsible for his discharge. In fact, according to his complaint, both he and Defendant Taylor were fired on February 27, 2007; however, Defendant Taylor was allowed to return to work the next day. Thus, any retaliation claim against Defendant Taylor must be dismissed for failure to state a claim.

second element is satisfied with regard to ACI as well. *See Meier v. Green*, No. 07-CV-11410, 2007 WL 1868999, at *4 (E.D. Mich. June 28, 2007).

Plaintiff raised the same issue regarding retaliatory discharge that he is seeking to re-litigate in the instant action. As such, the third element is satisfied.

Finally, there is identity of claims, and thus, the fourth element of *res judicata* is satisfied. Identity of claims means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Just as in the prior action, all of Plaintiff's current claims stem from his discharge after he called the police to report Defendant Taylor's aggressive actions towards him. Plaintiff is simply trying to re-litigate claims that he lost as part of his prior action. As such, the retaliatory-discharge claim is barred by the doctrine of *res judicata*, and therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

C.     *State-law claim for "double hearsay"*

Plaintiff alleges that Defendants Miller and Iliff reported information to the EEOC and the Kentucky Unemployment Insurance Commission (KUIC) that consisted of "'double hearsay'" under Kentucky Rule of Evidence 803(6) and were not included in business records of the EEOC and KUIC investigation. Plaintiff alleges that the information was "double hearsay" because it had been received from unidentified individuals and that the double hearsay would be inadmissible and cannot be considered for purposes of summary judgment.

The admissibility of hearsay, double or otherwise, is not an issue for which damages may be awarded. As such, this claim will be dismissed for failure to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### D. *Other state-law claims*

The Court will allow Plaintiff's state-law claims for infliction of emotional distress, libel, and conspiracy to libel to go forward.

### III. <u>CONCLUSION</u>

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
     Defendants
4411.009